CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**, <br><br> Plaintiff, <br><br> v. <br><br> **La Goccia, Inc.,** a California Corporation; and Does 1-10, <br><br> Defendants. | **Case:** 2:19-cv-10123-PA-RAO <br><br> **Plaintiff's Opposition to Defendants' Motion to Dismiss** <br><br> **Date**: March 9, 2020 <br> **Time**: 1:30 p.m. <br> **Ctrm**: 9A <br><br> **Hon. Percy Anderson** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF AUTHORITIES .........................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................1

    I.    Preliminary statement ...........................................................................1

    II.    The Defendants' Jurisdictional Challenge is Inappropriate as a 12(b)(1) Motion..................................................................................1

    III.    The defense has not submitted evidence of compliance or evidence negating standing.................................................................3

    IV.    The defense seems to be making a legal argument that because its tables are movable, they do not have to comply with the ADA or provide accessible dining surfaces.........................................4

    V.    The Defendant Has Not Met The "Formidable" Burden Of Establishing Mootness........................................................................8

      A.    The Defendant Has Not Established that the Dining Surface Complies................................................................................8

      B.    The Defense Has Not Established that the Violation Will Not Recur.....................................................................................9

    VI.    CONCLUSION ..................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Careau Grp. v. United Farm Workers of Am., AFL-CIO,*
   940 F.2d 1291 (9th Cir. 1991) ............................................................................. 3

*City of Mesquite v. Aladdin's Castle, Inc.,*
   455 U.S. 283 (1982) ............................................................................................. 9

*Madden v. Del Taco, Inc.,*
   150 Cal. App. 4th 294 (2007) ............................................................................. 7

*Rosales v. United States,*
   824 F.2d 799 (9th Cir. 1987) ............................................................................... 2

*Safe Air for Everyone v. Meyer,*
   373 F.3d 1035 (9th Cir. 2004) ............................................................................. 2

*Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.,*
   711 F.2d 138 (9th Cir. 1983) ....................................................................... 1, 2, 3

*Tandy v. City of Wichita,*
   380 F.3d 1277 (10th Cir. 2004) ........................................................................... 9

*United States v. Concentrated Phosphate Export Ass'n,*
   393 U.S. 199 (1968) ............................................................................................. 9

**Statutes**

42 U.S.C. § 12182(a) ............................................................................................... 12

42 U.S.C. § 12182(b)(2)(A)(iv) ............................................................................... 12

Cal. Civ. Proc. Code § 425.50(a)(4) ........................................................................ 16

Cal. Civ. Proc. Code § 425.55(b)(1) ........................................................................ 15

Cal. Civ. Proc. Code § 425.55(b)(2) ........................................................................ 16

Cal. Gov. Code § 68085.35 ..................................................................................... 16

Cal. Gov. Code § 70616.5 ........................................................................................ 16

**Other Authorities**

2015 CA A.B. 1521 (NS) (September 10, 2015) .................................................. 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Preliminary statement

Plaintiff, a paraplegic, filed the instant claims against the defendant because its business failed to provide accessible dining surfaces at the La Goccia Espresso Bar. Defendant moves for dismissal of the Complaint on the basis that Whitaker's claims will fail, his sought-for relief is moot and Whitaker lacks standing. These arguments do not have merit. Defendant is wrong. As discussed below, the defendants' motion should be denied for three reasons. First, the defense is asking the court to reach the ultimate merits of the case in order to determine jurisdiction. This is inappropriate. Second, aside from being premature, the defense evidence is based on hearsay and is inadmissible. Finally, the defense argument for mootness contradicts its own position and makes no sense.

## II. The Defendants' Jurisdictional Challenge is Inappropriate as a 12(b)(1) Motion

Here, the defendant has moved for dismissal on the basis that the court lacks subject matter jurisdiction. Of course, this is a case arising under the federal Americans with Disabilities Act and, therefore, a dismissal for lack of subject matter jurisdiction *in a case premised on federal-question jurisdiction* is "exceptional." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983).

But there is no *exceptional* basis raised by the defense. Instead, the defense just wants to argue the essential facts and contest the allegations in the complaint. In other words, the same type of dispute seen in *every* case: The plaintiff says there was no accessible table, the defense says there was. The plaintiff says he went to the defendant's business, the defense says he is lying.

While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion. The problem with the defendant's motion is that the very question this Court *supposedly* needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case and whether plaintiff can prove his claims.

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim. *See Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (citation omitted); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact."); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, *if the jurisdictional facts are not intertwined with the merits*.").

1    Where the jurisdictional facts are intertwined with the merits, a Rule 56
2    "summary judgment standard" applies. *Roberts*, 812 F.2d at 1177; *Careau Grp.*
3    *v. United Farm Workers of Am., AFL-CIO*, 940 F.2d 1291, 1293 (9th Cir. 1991).
4    The question of jurisdiction and the merits of an action are considered
5    intertwined where the same statute provides the basis for both the subject matter
6    jurisdiction of the federal court and the plaintiff's substantive claim for relief. *Sun*
7    *Valley*, 711 F.2d at 1138. That is clearly the case here. The defense is arguing that
8    plaintiff lacks standing *because* it is and always has been compliant with the ADA
9    . . . going to the very core of the plaintiff's claims. The defense can and should
10   bring its claims in the form of a Rule 56 motion.
11       But such a motion is premature, given that this case is at its earliest stage,
12   discovery has not even begun, the plaintiff has not had a chance to conduct a site
13   inspection, or to assess the supposed video evidence touted by the defense. Had
14   plaintiff been given notice of a motion for summary judgment, he would be in a
15   position to file a Rule 56(d) request for continuance or denial.
16       Simply put, this Court should not dismiss the action at this juncture
17   because the jurisdictional analysis is coextensive with the merits of Plaintiff's
18   ADA claim and a factual dispute exists as to the alleged corrections.
19
20
21   **III. The defense has not submitted evidence of compliance or evidence negating standing**
22       The defense submits a declaration of Mr. Seidfathi wherein he asked
23   employees "if they recalled seeing an individual in a wheelchair at La Goccia
24   during the month of November 2019. None of [his] employees recalled seeing
25   such an individual." Dec of Seidfathi (Docket Entry 16-1), ¶ 4. Without providing
26   any information about the range or coverage of the surveillance footage, Mr.
27   Seidfathi declares that the footage does show a wheelchair user "enter the
28   premises." Dec of Seidfathi (Docket Entry 16-1), ¶ 6. The supposed comments

from unnamed employees are hearsay and objectionable. What the surveillance footage supposedly shows or does not show is the opinion of a single-interested person, without any foundation as to what the cameras actually cover and no footage has been provided to the plaintiff. Essentially, what the defense is arguing is that, *hey, I know you did not claim in your complaint that you actually entered the interior of the shop, and I know that we have not given you a copy of the surveillance footage, and I know that I am an interested party, but I have surveillance footage that covers something (but I won't bother to explain its coverage) and, trust me, I did not see a wheelchair user. So, please dismiss the case judge.*

As for the compliance issue, the sole evidence submitted by the defense is the declaration of Mr. Seidfathi that he has an ADA accessible table and it has been "available" since 2018 and a photograph is attached to his declaration. Dec of Seidfathi (Docket Entry 16-1), ¶ 7. But Mr. Seidfathi has no qualifications to declare what constitutes an ADA accessible table. The motion itself provide no analysis of what constitutes an ADA accessible table. There are no measurements, no cites to the ADA standards, and no information relevant to the inquiry. Plus, it is clear that the defense is hiding the ball at least a little bit here, using words like "available" and noting that the staff can "relocate" the table upon request. The plaintiff's allegation is that there was no ADA table when he was there. Discovery will ferret this out.

### IV. The defense seems to be making a legal argument that because its tables are movable, they do not have to comply with the ADA or provide accessible dining surfaces.

The defense seems to make the argument that because its dining tables are moveable, they are either not covered by the ADA, or the defendant does not have to provide accessible such tables, or that the tables can be deployed when a wheelchair customer asks for them to be deployed and the "temporary"

4

Opposition to Motion to Dismiss               Case: 2:19-cv-10123-PA-RAO

unavailability of the accessible table is not an actionable violation. Defense Motion (Docket Entry 15), p. 10, lines 2-27. This argument cannot withstand scrutiny.

The first case cited by the defense does not stand for this proposition. In the *Shaw* decision, the only expert to assess the facility found it fully compliant with sufficient maneuvering clearance between the dining tables. But, even though his inspection found fully compliant facilities, "he admits that it is possible that store patrons moved a chair resulting in a narrowing of the pathway on some occasions." *Shaw v. Jar-Ramona Plaza, LLC*, 2015 WL 1275294, at *4 (C.D. Cal. Mar. 16, 2015), aff'd, 673 F. App'x 774 (9th Cir. 2017). Not only was the expert merely musing that such a thing was "possible" but the court noted that the "record contains no evidence of how often (if ever) this occurred" and any such "temporary impediment to access by a movable piece of furniture does not violate the ADA or the Unruh Act." *Id*. This has no bearing on the claims in the present case, i.e., that the defendants did not have accessible tables.

The second case cited by the defense (*Sharp v. Islands Rest.-Carlsbad*, 900 F. Supp. 2d 1114 (S.D. Cal. 2012)) does appear to support the defense theory but it lacks any analysis and is unclear what it stands for. Apparently, the path of travel to the restrooms in the *Sharp* case was "blocked by easily removable objects, such as chairs." *Id*. at 1126. There is no information about how the chairs got there, who put them there, whether this was a regular practice or whether the chairs were there while the hallway was being mopped, etc. Nonetheless, the defense argued that the ADA only dealt with "architectural barriers" and not temporary or removable barriers. *Id*. at 1127. The court stated that it "agreed" but *also* noted that Sharp did not deny the argument. *Id*. So, the court's "agreement" was based on a lack of any opposition briefing and could even be dicta. Nonetheless, to the extend that *Sharp* is argued to stand for the

5

Opposition to Motion to Dismiss          Case: 2:19-cv-10123-PA-RAO

proposition that temporary or removable objects cannot be "barriers" under the ADA, this argument lacks merit.

The Department of Justice issued its Technical Assistance Manual over 20 years ago. Its position is clear and unequivocal: "Impediments caused by the location of temporary or movable structures, such as furniture, equipment, and display racks, are also considered architectural barriers." Title III TAM § 4.4100. The Department of Justice published the following in the Federal Register: "The requirement to remove architectural barriers includes the removal of physical barriers of any kind. For example, § 36.304 requires the removal, when readily achievable, of barriers caused by the location of *temporary or movable structures*, such as furniture, equipment, and display racks." 56 Fed.Reg. 35,544, 35,568 (July 26, 1991) (emphasis added).

And that has position has not changed. With the issuance of the 2010 Standards, the Department published several business briefs to advise businesses of their obligations under the ADA. One of those briefs states, "The path a person with a disability takes to enter and move through your business is called an 'accessible route.' This route, which must be at least three feet wide, must remain accessible and not be blocked by items such as vending or ice machines, newspaper dispensers, furniture, filing cabinets, display racks, or potted plants." Department of Justice, "ADA Update: A Primer for Small Business," p. 14.[1]

And this position works hand-in-hand with another principle found under the Code of Federal Regulations: "A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities . . . ."

---

[1] http://www.ada.gov/regs2010/smallbusiness/smallbusprimer2010.pdf

6

Opposition to Motion to Dismiss                    Case: 2:19-cv-10123-PA-RAO

28 C.F.R. § 36.211(a). The Department of Justice explains the purpose of this Regulation:

> **Section 36.211 Maintenance of Accessible Features**
>
> Section 36.211 provides that a public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part. The Act requires that, to the maximum extent feasible, facilities must be accessible to, and usable by, individuals with disabilities. This section recognizes that **it is not sufficient to provide features such as accessible routes,** elevators, or ramps, **if those features are not maintained in a manner that enables individuals with disabilities to use them**.

28 C.F.R., Part 36, Appendix C, section 36.211 (emphasis added).

This issue was discussed in *Madden v. Del Taco, Inc.,* 150 Cal. App. 4th 294 (2007). In *Madden*, the Court framed the question as: "whether an obstacle, like the Del Taco concrete trash container, blocking an accessible route of travel to an entrance, presents a breach of this duty under the ADA." *Id.* at 302. Finding that a moveable obstruction can violate the ADA, the *Madden* court cited to the same Code of Federal Regulation authorities cited above. *Id.*

Perhaps more importantly, though, is the fact that the allegations in this case are that the defense did not have accessible tables for its customers. This is not about temporary obstructions to an existing accessible table. If the defense had an accessible table squirreled away somewhere and had a policy of bringing it out for use when requested, this is no defense. Either the defendants had an accessible table deployed for use or they did not. The fact that an employee could be asked to bring out an accessible table and remove the unlawful barrier is not a defense to the claims. "Defendant appears to suggest that Plaintiff has not shown discrimination under the ADA because he could have requested assistance. Defendant is mistaken." *Arroyo v. 9305 Firestone, LLC*, 2011 WL 6177277, *2 (C.D. Cal. 2011); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 870 F.Supp.2d 995, 1007

(E.D. Cal. 2012) ("The disabled community fought for, and earned, the right to have stores remove barriers so that disabled customers could use those facilities independently . . . Defendant's obligation is to ensure that the accessibility [of the facilities]. When it fails to do so, it is in violation of the ADA. It may not rely upon assertions that its store clerks are kind and helpful and would eventually clear the barriers that should not be there in the first place.")

## V. The Defendant Has Not Met The "Formidable" Burden Of Establishing Mootness

In order to establish that the federal claim has been rendered moot, the defense must establish two things: (1) that the violation has been fixed; and (2) that the violation cannot be reasonably expected to recur. The defendant has not established either of these prongs.

### A. The Defendant Has Not Established that the Dining Surface Complies

Even if it were appropriate for the Court to make determinations regarding the ultimate factual question on a motion to dismiss, the defendants have not provided a sufficient showing. As discussed above, there is no evidence before the Court to determine whether the dining surface complies with the law. The defense has not provided a single relevant measurement. The defense does not inform us about the length, the width, or the height. You simply cannot make claims about the accessibility of physical conditions without providing measurements. Defendants only submitted a declaration of Sasan Seidfathi, stating that the La Goccia does have an ADA accessible table and that the table has been available since approximately 2018.

### B. The Defense Has Not Established that the Violation Will Not Recur

"The test for mootness...is a stringent one. Mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free to return to his old ways." *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203-04 (1968) (citation and internal punctuation omitted). Moreover, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). A claimed remedy "might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The party asserting mootness has "the heavy burden of persuading the Court that the challenged conduct cannot be reasonably expected to recur." *Id*. One court, presiding over an ADA case, summarized the standard as follows:

> The burden of establishing mootness by voluntary compliance is a heavy one. A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct.

*Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (internal cites and quotes omitted for readability).

In this case, the defense is not even arguing that it has taken steps to moot the claims. Instead, the defense argues that it has *never been* in violation. The defense throws around the word "mootness," but it is really just contesting the claims.

9

Opposition to Motion to Dismiss          Case: 2:19-cv-10123-PA-RAO

## VI. CONCLUSION

Whitaker respectfully requests this Court deny Defendant's motion.

Dated: February 16, 2020             CENTER FOR DISABILITY ACCESS

                                     By:   /s/ Dennis Price
                                     Dennis Price, Esq.
                                     Attorneys for Plaintiff