UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10123 PA (RAOx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Brian Whitaker v. La Goccia, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - ORDER

Before the Court is a Motion to Dismiss filed by defendant La Goccia, Inc. ("Defendant") (Docket No. 15). Defendant challenges the sufficiency of the allegations in support of plaintiff Brian Whitaker's ("Plaintiff") standing to pursue the Americans with Disabilities Act ("ADA") claim asserted in Plaintiff's Complaint, and additionally contends that Plaintiff's claim is moot because there is no accessibility barrier to remedy through the ADA's injunctive relief provisions. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for March 9, 2020, is vacated, and the matter taken off calendar.

According to the Complaint, Plaintiff is a quadriplegic and requires a wheelchair for mobility. Plaintiff alleges that he visited the espresso bar operated by Defendant "in November 2019 with the intention to avail himself of its goods, motivated in part to determine if the defendants comply with the disability access laws." (Compl. ¶ 8.) The Complaint alleges that Defendant "failed to provide accessible dining surfaces in conformance with the ADA Standards." (Id. at ¶ 10.) The Court's docketing system establishes that Plaintiff has filed more than 800 similar actions in the Central District in recent years, a fact of which the Court takes judicial notice

In its Motion to Dismiss, Defendant makes a factual challenge to Plaintiff's standing to assert his ADA claim and additionally contends that Plaintiff's claim for injunctive relief pursuant to the ADA is moot because Defendant provides an accessible dining surface at its location. In support of Defendant's Motion to Dismiss, Defendant submitted the Declaration of Sasan Seidfathi ("Seidfathi Decl."), Defendant's president, in which Mr. Seidfathi states that Defendant maintains surveillance videos that capture the entire interior of Defendant's premises and show any patrons who enter the espresso bar. (Seidfathi Decl. ¶ 3.) Mr. Seidfathi reviewed the surveillance footage captured in November 2019, the month in which Plaintiff alleges he visited Defendant's premises, and "[a]t no point in the footage did an individual in a wheelchair enter the premises." (Id. at ¶ 6.) Mr. Seidfathi also states that Defendant has had an accessible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10123 PA (RAOx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Brian Whitaker v. La Goccia, Inc. | | |

dining surface since approximately 2018, and that the accessible table was available for use at all times during November 2019. (Id. at ¶ 7.) After Plaintiff objected to the admissibility of Mr. Seidfathi's statement describing the dining surface as "accessible," Defendant submitted photographs of the table with a tape measure visible so that a viewer of the photograph could observe the dimensions of the table. (Docket No. 20, Supplemental Seidfathi Decl., ¶ 2.) Those dimensions comply with sections 902.2 and 902.3 of the 2010 ADA Standards for Accessible Design.[1/]

      Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). "Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case . . . ." Burke v. Barnes, 479 U.S. 361, 363, 107 S. Ct. 736, 93 L. Ed. 2d 732 (1987). A case arises within the meaning of the Constitution if it involves "[a] declaration on rights as they stand . . . , not on rights which may arise in the future . . . , [and] an actual controversy over an issue, not a desire for an abstract declaration of the law." In re Summers, 325 U.S. 561, 566–67, 89 L. Ed. 1795, 65 S. Ct. 1307 (1945). "Standing is a jurisdictional issue deriving from the 'case or controversy' requirement of Article III of the United States Constitution." Native Vill. of Kivalina v. ExxonMobil Corp., 696 F.3d 849, 867 (9th Cir. 2012) (citing Cole v. Oroville Union High Sch. Dist., 228 F.3d 1092, 1098 (9th Cir. 2000)). The party invoking federal jurisdiction bears the burden to establish Article III standing. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

      The Supreme Court has held that to have Article III standing under the Constitution, a party must show it has suffered an "injury in fact," that there is a "causal connection between the injury" and the defendant's complained-of conduct, and that it is likely "that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 560-61, 112 S. Ct. at 2136-37, 119 L. Ed. 2d 351. To demonstrate an "injury in fact," a plaintiff must establish an "invasion of a legally protected interest which is (a) concrete and particularized [citations] and (b) 'actual or imminent, not "conjectural" or 'hypothetical.'" Id. at 560, 112 S. Ct. at 2136, 119 L. Ed. 2d 351 (citations omitted). To meet this test, the "line of causation" between the alleged conduct and injury must not be "too attenuated," and "the prospect of obtaining relief from the injury" must not be "too speculative." Allen v. Wright, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325, 82 L. Ed. 2d 556 (1984); Maya, 658 F.3d at 1070.

---

[1/]     Plaintiff filed no objection to the supplemental photos and measurements of the table.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10123 PA (RAOx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Brian Whitaker v. La Goccia, Inc. | | |

"Once a disabled individual has encountered or become aware of alleged ADA violations that deter his patronage of or otherwise interfere with his access to a place of public accommodation, he has already suffered an injury in fact traceable to the defendant's conduct and capable of being redressed by the courts, and so he possesses standing under Article III." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir. 2011) (en banc) (quoting Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1042 n.5 (9th Cir. 2008)). Additionally, "a plaintiff seeking injunctive relief must . . . demonstrate a sufficient likelihood that he will again be wronged in a similar way." Id. at 948. "Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief. A disabled individual also suffers a cognizable injury if he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." Id. at 949.

A case is rendered moot and jurisdiction over the matter thereby abates when "'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Los Angeles County v. Davis, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct. 1944, 23 L. Ed. 2d 491 (1969)). While voluntary cessation of allegedly illegal conduct generally does not render a case moot, "a case may become moot if (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Lindquist v. Idaho State Bd. of Corr., 776 F.2d 851, 854 (9th Cir. 1985) (internal citations, quotation marks, and alteration omitted). In arguing that its conduct has rendered plaintiff's claim moot, a defendant has the "heavy burden" of showing that the "likelihood of further violations is sufficiently remote to make injunctive relief unnecessary." United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203, 89 S. Ct. 361, 21 L. Ed. 2d 344 (1968). In the context of a claim for injunctive relief under Title III of the ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (internal quotations marks and citations omitted). Accordingly, a "defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011); see also Hernandez v. Polanco Enterprises, Inc., 19 F. Supp. 3d 918, 926 (N.D. Cal. 2013); Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005).

"Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Rule 12(b)(1) jurisdictional attacks can be either facial or factual. In a facial attack, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10123 PA (RAOx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Brian Whitaker v. La Goccia, Inc. | | |

allegations are presumed true and the "challenger asserts that the[y] are insufficient on their face to invoke federal jurisdiction." Safe Air For Everyone v. Meyer, 373 F. 3d 1035, 1039 (9th Cir. 2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Courts should refrain from resolving factual issues where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983); see also Safe Air, 373 F. 3d at 1039; Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement, 524 F. 3d 1090, 1094 (9th Cir. 2008) ("As a general rule, when 'the question of jurisdiction and the merits of the action are intertwined,' dismissal for lack of subject matter jurisdiction is improper.").

Because the requirements for Article III standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561, 112 S. Ct. at 2136, 119 L. Ed. 2d 351; Gladstone, Realtors v. Village of Bellwood, 441 U.S. 91, 114-15 & n.31, 99 S. Ct. 1601, 1615-16, 60 L. Ed. 2d 66 (1979). "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court. . . . It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction. The district court obviously does not abuse its discretion by looking to this extra-pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989)

Here, Defendant made a factual attack on the Court's subject matter jurisdiction, specifically challenging Plaintiff's standing and the mootness of Plaintiff's claim for injunctive relief under the ADA, through the Declarations of Sasan Seidfathi. At this stage of the proceedings, in the face of a factual attack on the Court's subject matter jurisdiction that is supported by admissible evidence and brought pursuant to Rule 12(b)(1), Plaintiff cannot merely rely on the allegations contained in his Complaint. Instead, Plaintiff must, through the submission of admissible evidence, support his standing and counter Defendant's evidence of mootness. St. Clair, 880 F.2d at 201. Plaintiff has not satisfied this evidentiary burden. Nor does the state of the record before the Court support a finding that the resolution of the standing and mootness issues is so intertwined with the merits to prevent the Court from resolving those issues at this stage. The only admissible evidence before the Court is that Plaintiff did not visit the premises during the month he alleged he did and that Defendant has an accessible dining

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10123 PA (RAOx) | Date | March 3, 2020 |
|---|---|---|---|
| Title | Brian Whitaker v. La Goccia, Inc. | | |

surface. Plaintiff has not alleged that there was another month when he visited the premises. Nor is there any reason to believe that Defendant will not continue to provide the accessible dining surface. The Court therefore concludes that Plaintiff lacks standing and that his claim for injunctive relief under the ADA is moot. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's ADA claim under Article III.

For all of the foregoing reasons, the Court dismisses Plaintiff's ADA claim for lack of subject matter jurisdiction.[2]

IT IS SO ORDERED.

---

[2] In a December 16, 2019 Minute Order, the Court dismissed Plaintiff's claim brought pursuant to California's Unruh Civil Rights Act after concluding that it would decline to exercise supplemental jurisdiction over that claim. (See Docket No. 12.) The Court notes that, even if Plaintiff's Unruh claim had not already been dismissed pursuant to 28 U.S.C. § 1367(c)(4), the Court would now decline to exercise supplemental jurisdiction at this stage pursuant to § 1367(c)(3) because it has dismissed the ADA claim, and thus resolved "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); see also Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994).